**JS-6**

**CC: FISCAL**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>    v.<br><br>$150,900.00 IN U.S. CURRENCY,<br><br>                Defendant. | Case No. 2:21-cv-07231-FLA(KSx)<br><br>**CONSENT JUDGMENT OF FORFEITURE [DKT. 56]** |
| BRENDA SIMS,<br><br>                Claimant. | |

    Pursuant to the parties' Stipulation and Request to Enter Consent Judgment of Forfeiture ("Stipulation," Dkt. 56), the court hereby enters this Consent Judgment of Forfeiture ("Consent Judgment") containing the terms set forth below:

    On or about September 9, 2021, Plaintiff United States of America (the "government") filed a Complaint for Forfeiture alleging the defendant $150,900.00 in U.S. Currency (the "defendant currency") is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A) & (C).

Claimant Brenda Sims ("Claimant") filed a Claim to the defendant currency on December 10, 2021 (Dkt. 12), and an Answer to the Complaint for Forfeiture on December 31, 2021 (Dkt. 14).

No other parties have appeared in this action and the time for filing claims and answers has expired.

The government and Claimant have now agreed to settle this action and to avoid further litigation by entering into this Consent Judgment of Forfeiture.

The court, having been duly advised of and having considered the matter, and based upon the mutual consent of the parties hereto, hereby ORDERS, ADJUDGES, and DECREES:

1.  This court has jurisdiction over the subject matter of this action and the parties to the Consent Judgment of Forfeiture.

2.  The Complaint for Forfeiture states a claim for relief pursuant to 18 U.S.C. § 981(a)(1)(A) & (C).

3.  Notice of this action has been given as required by law. No appearances have been made in the litigation by any person other than Claimant.  The court deems that all other potential claimants admit the allegations of the Complaint for Forfeiture to be true.

4.  The government shall have judgment as to the interests of Claimant and all other potential claimants as to $75,900.00 of the defendant currency, together with any interest earned on the defendant currency by the government since seizure, which funds are hereby condemned and forfeited to the government.  The government shall dispose of those funds in accordance with law.

5.  The remaining $75,000.00 of the defendant currency, without interest, shall be returned to Claimant.  The funds to be returned shall be paid by electronic transfer directly into the client trust

account of the attorney of record for Claimant, Jacek W. Lentz, who shall provide all information and complete all documents requested by the government to complete the transfer including, without limitation, providing the identity of the bank, the bank's address and the account name, account number, account type, and wire transfer routing number for the client trust account to which the transfer of funds is to be made.

6. Claimant has released the government, its agencies, agents, officers, employees and representatives, including, without limitation, all agents, officers, employees and representatives of the Federal Bureau of Investigation, as well as all agents, officers, employees and representatives of any state or local governmental or law enforcement agency involved in the investigation or prosecution of this matter, from any and all claims (including, without limitation any petitions for remission, which Claimant hereby withdraws), actions or liabilities arising out of or related to this action, including, without limitation, any claim for attorney fees, costs and interest, which may be asserted by or on behalf of Claimant, whether pursuant to statute or otherwise.

7. For purposes of this Consent Judgment of Forfeiture, the court finds there was reasonable cause for the seizure of the defendant currency and institution of these proceedings. The stipulation leading to the entry of this Consent Judgment of Forfeiture (i) does not constitute any admission of any liability or wrongdoing by Claimant or any other party; and (ii) is not admissible in any proceeding, civil or criminal, except for purposes of enforcing or interpreting the terms of this Consent Judgment of Forfeiture.

8. The parties shall each bear their own attorney's fees and costs.

IT IS SO ORDERED.

Dated: November 30, 2023

FERNANDO L. AENLLE-ROCHA
United States District Judge